**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SAMUEL BUOSCIO, | ) | CASE NO. 1:12-cv-00153 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| NEIL TURNER, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, Samuel Buoscio ("Buoscio"), challenges the constitutionality of his conviction in the case of *State v. Buoscio*, Richland County Court of Common Pleas Case No. 07CR-0057D. Buoscio, *pro se*, filed a Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 on January 20, 2012. On May 11, 2012, Warden Neil Turner ("Respondent") filed a Motion to Dismiss. (ECF No. 4.) Buoscio filed a Traverse on July 2, 2012. (ECF No. 7.) For reasons set forth in detail below, it is recommended that Buoscio's petition be DISMISSED as time barred.

**I. Procedural History**

**A. Conviction**

In January of 2007, a Richland County Grand Jury charged Buoscio with two counts of forgery in violation of Ohio Revised Code ("O.R.C.") § 2913.31(A)(2). (ECF No. 4-1, Exh. 1.)

On October 18, 2007, Buoscio, represented by counsel, entered a negotiated plea of no

contest to a merged count of forgery, a felony of the fifth degree. (ECF No. 4-1, Exh. 2.)

Also on October 18, 2007, the trial court sentenced Buoscio to a term of six months incarceration. (ECF No. 4-1, Exh. 3.) The sentence was ordered to be served consecutive to a previous sentence that Buoscio received. *Id*.

**B.  Direct Appeal**

Buoscio did not directly appeal his sentence or conviction.

**C.  Other Postconviction Filings**

On September 2, 2008, Buoscio, *pro se*, filed a Petition to Withdraw Involuntary Guilty Plea pursuant to Ohio Criminal Rule 32.1 and a Petition to Vacate or Set Aside Conviction and Sentence pursuant to O.R.C. 2953.21 . (ECF No. 4-1, Exh. 4.) On March 11, 2010, the court dismissed Buoscio's petition for post-conviction relief finding it untimely. (ECF No. 4-1, Exh. 10.) The Court also overruled Buoscio's motion to withdraw his plea, finding that the plea was freely and voluntarily entered and no manifest injustice was present. *Id*.[1] On March 23, 2010, Buoscio appealed the court's ruling. (ECF No. 4-1, Exhs. 11 & 12.) On August 24, 2010, the state appellate court dismissed the appeal because the sentencing entry did not constitute a final appealable order. (ECF No. 4-1, Exh. 15.)

While his appeal was pending, on July 23, 2010, Buoscio filed a second motion to withdraw his guilty plea, arguing that he was not informed of the possibility of post-release control. (ECF No. 4-1, Exh. 16.) On July 29, 2010, the court overruled his motion finding that

---

[1] A page of the court's opinion is missing. However, the missing page can be viewed in Exhibit 13, as State's Exhibit A on page 154.

post-release control was not applicable to a conviction for a fifth degree felony.[2] (ECF No. 4-1, Exh. 17.)

On September 7, 2010, Buoscio filed a Motion to Correct Judgment Entry. (ECF No. 4-1, Exh. 21.)[3] On September 17, 2010, the court filed an amended sentencing entry. (ECF No. 4-1, Exh. 22.)

On October 6, 2010, Buoscio filed another petition for post-conviction relief. (ECF No. 4-1, Exh. 23.) On November 21, 2010, the court overruled the petition as untimely and found that his claims were also barred by *res judicata*. (ECF No. 4-1, Exh. 25.) No appeal was filed.

On November 18, 2011, Buoscio filed a second Motion to Correct Judgment Entry. (ECF No. 4-1, Exh. 27.) According to Respondent, the motion had not been ruled upon when the instant motion to dismiss was filed. (ECF No. 4 at 5.)

**D. Federal Habeas Petition**

On January 20, 2012, Buoscio filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:

> GROUND ONE: Petitioner is being held in violation of the 5th, 6th and 14th Amendments due process rights of the United States Constitution.

---

[2] On August 13, 2010, Buoscio appealed the decision, but, on September 1, 2010, filed a motion to strike his pending appeal which the state appellate court granted on September 17, 2010. (ECF No. 4-1, Exhs. 18-20.)

[3] The document attached by Respondent as Exhibit 21 is a Motion to Correct Judgment Entry filed by Buoscio on February 22, 2011, and not on September 7, 2010 as indicated. Nonetheless, a review of the Richland County Public Access Docket shows that Buoscio did indeed file a motion to correct judgment on September 7, 2010 as well. *See* http://richlandcourtsoh.us/pa/pa.urd/pamw6500.display Thus, it appears Respondent merely attached the wrong motion. Because the statute of limitations expired on December 5, 2010, as explained below, the motion filed in February of 2011 is immaterial.

*Supporting Facts*: The trial court constitutionally violated the Petitioner's due process rights when accepting a plea of no contest without the admission of facts alleged in the indictment.

GROUND TWO:  Petitioner is being held in violation of the 5th, 6th, and 14th Amendments due process rights of the United States Constitution.

*Supporting Facts*: The trial court constitutionally violated the Petitioner's due process rights when failing to orally pronounce a sentence in this case.

GROUND THREE: Petitioner is being held in violation of the 5th, 6th, and 14th Amendments due process rights of the United States Constitution.

*Supporting Facts*: The state appellate courts are constitutionally violating the Petitioner's due process rights when using a vexatious litigator sanction against the Petitioner to dismiss his appeals and deny leave of court without giving reason for the dismissals and denials.

GROUND FOUR: Petitioner is being held in violation of the 5th, 6th, and 14th Amendments due process clause of the United States Constitution.

*Supporting Facts*: The trial court constitutionally violated the Petitioner's due process rights when providing ineffective assistance of counsel during pre-plea negotiations when explaining false information to obtain and coherce [sic] the plea.

(ECF No. 1.)

## II.  Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

**A.    One-Year Limitation**

Respondent contends that the conviction became final on November 19, 2007, thirty (30) days after sentencing when Buoscio failed to file a timely notice of appeal. As such, absent statutory tolling, the period to file a timely habeas petition expired on November 19, 2008.

The AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.*

Buoscio filed his first post-conviction petition on September 2, 2008. (ECF No. 4-1, Exh. 4.)

-5-

At that time, 287 days had elapsed since his conviction became final. However, that petition was denied as untimely on March 11, 2010. (ECF No. 4-1, Exh. 10.) Only "properly filed" applications for postconviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 3 (2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely"); *Monroe v. Jackson*, 2009 U.S. Dist. LEXIS 1211 (S.D. Ohio Jan. 8, 2009) ("[Petitioner's] delayed appeal did not toll the running of the statute of limitations, since the appeal was untimely and not 'properly filed' within the meaning of 28 U.S.C. §2244(d)(2)." As such, the untimely petition for post-conviction relief filed on September 2, 2008, had no tolling effect on the statute of limitations. Nonetheless, as conceded by Respondent, Buoscio's concomitant motion to withdraw his guilty plea was denied on the merits. (ECF No. 4 at 3.) Therefore, the latter did toll the statute of limitations.

Buoscio submitted numerous other filings challenging his conviction. Giving him every benefit of the doubt, the statute of limitations continued to toll until September 17, 2010, when the state appellate court struck Buoscio's appeal per his request and the trial court filed an amended sentencing entry in response to his motion to correct judgment entry on the same date. (ECF No. 4-1, Exhs. 20 & 22.) Eighteen more days expired – bringing the total of untolled time to 305 days – until Buoscio filed another petition for post-conviction relief on October 6, 2010. However, because the state court found that this petition was also untimely, it was not "properly filed" and did not toll the statute of limitations. As such, the statute of limitations expired on December 5,

-6-

2010, after an additional sixty days elapsed. Neither Buoscio's second nor third motion to correct judgment entry, filed on February 22, 2011 and November 18, 2011 respectively, can toll a statute of limitations which expired before the motions were filed.[4] *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted).

Buoscio argues that, because it failed to comply with Ohio law, his sentence, and therefore the judgment against him, never became final. Consequently, he argues the statute of limitations has not expired. (ECF No. 7 at 11.) Respondent concedes that Buoscio's initial sentencing entry may not have constituted a final appealable order. (ECF No. 4 at 8.) Nonetheless, Respondent asserts that technical errors in state law regarding the proper issuance of a conviction neither toll nor restart the clock under the AEDPA. *Id.* In *Frazier v. Moore*, 252 Fed. App'x. 1 (6th Cir. 2007), the Sixth Circuit Court of Appeals rejected a nearly identical argument. The *Frazier* court found that even if a state court judgment was defective, "that does not lead to the conclusion that there was no judgment for the purpose of [AEDPA]'s one year statute of limitations. Many of the petitions cognizable on federal habeas review challenge the validity of the underlying state court judgment. The fact that the state court judgment may have been procured in violation of state or federal law does not, however, render the judgment null under § 2244(d) [of the AEDPA]." *Id*. at 5-6 ("Furthermore, the validity of a judgment as a matter of state law is for the state to

---

[4] Even if Buoscio were given tolling credit for the time the petition of October 2010 was pending, the statute of limitations would have expired on January 20, 2011. His habeas petition would remain untimely.

determine."); *accord Justice v. Crews*, 2012 U.S. Dist. LEXIS 58455 (E.D. Ky. Apr. 10, 2012).

As noted by the *Frazier* court, "[i]f a judgment that was procured by a procedure that violated federal constitutional rights were sufficient to render a petitioner not in custody 'pursuant to the judgment of a state court' for the purpose of §§ 2244(d) and 2254, then the habeas regime embodied in these provisions would be substantially undermined." As such, even if Buoscio's initial sentencing entry failed to comply with state sentencing standards, the statute of limitations began to run on November 19, 2007, and expired on December 5, 2010.

Therefore, unless equitable tolling is appropriate or Buoscio is entitled to begin calculating the statute of limitations from an alternative date, his petition should be dismissed as time-barred.

**B.     Factual Predicate**

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date. Three of Buoscio's four grounds for habeas relief stem from alleged irregularities surrounding his plea of no contest and defense counsel's alleged ineffectiveness during pre-trial plea negotiations. (ECF No. 1.) As such, the factual predicate of Buoscio's claim – that his no contest plea violated due process – would have been known to him at that time. Although Buoscio may not have realized the legal import of the alleged deficiencies, the facts surrounding his plea cannot reasonably be said to have been unknown to him. Buoscio's third ground for relief consists of an argument that Ohio's vexatious litigator sanction denied him his due process rights as his appeals have been dismissed without cause. However, Buoscio does not assert that he attempted to file a timely direct appeal, but was rejected by the state courts. Moreover, the aforementioned post conviction

-8-

petitions were dismissed as untimely and the motions to withdraw his plea were denied as meritless, not because Buoscio was a vexatious litigator.

For the foregoing reasons, there is no factual predicate that would justify a later start date of the statute of limitations.

**C.  Equitable Tolling**

Finally, the Court finds that equitable tolling is not appropriate.  Buoscio did not raise a tolling argument in his Traverse.  *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that a petitioner bears the burden of proving that equitable tolling is applicable).  In order to be entitled to equitable tolling, Buoscio must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Id*.; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  A court should be "much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights."  *Vroman*, 346 F.3d at 605, *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *accord Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Garrison v. Warren Corr. Inst.*, 1999 U.S. App. LEXIS 13314 (6th Cir. Jun. 10, 1999).  Buoscio has not established either requirement.

**D.  Actual Innocence**

Buoscio argues that AEDPA's statute of limitations should be tolled because he is actually innocent.  (ECF No. 7 at 2, 7-8.)  "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."  *Bousley v. United States*, 523 U.S. 614, 621 (1998) (*quoting Mabry v. Johnson*, 467 U.S. 504, 508 (1984)); *cf. See, e.g., Machibroda v. United States*, 368 U.S. 487, 493 (1962)

(observing that a guilty plea induced by false threats or promises is subject to a collateral attack).[5] However, in *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005), it was held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599 (following *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1998)). "A petitioner may claim actual innocence for the purposes of equitable tolling, even if his conviction was the result of a plea." *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008) (*citing Bousley*, 523 U.S. at 623; *Waucaush v. United States*, 380 F.3d 251, 258 (6th Cir. 2004) (finding petitioner actually innocent of charge to which he pled guilty).

In *Connolly*, the petitioner entered a plea of "no contest" while expressly maintaining his innocence. A petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 298. Even so, in *Connolly*, the Sixth Circuit found that the *Schlup* standard was not satisfied because the evidence supporting the petitioner's alleged innocence was not new and would have been available at trial. 304 Fed. App'x at 418.

The precise contours of what constitutes "new" evidence for the purposes of an actual

---

[5] Furthermore, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley*, 523 U.S. at 621. "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Id*. (*quoting United States v. Timmreck*, 441 U.S. 780, 784 (1979)). By failing to challenge the validity of a guilty plea on direct appeal, a petitioner procedurally defaults a claim of a defective guilty plea. *Id*. (finding that petitioner, who only challenged his sentence on direct appeal, procedurally defaulted on a challenge to the validity of his guilty plea). Busocio never challenged the validity of his no contest plea on direct appeal and his claim is arguably procedurally defaulted. Though Respondent raised this issue, the Court declines to address it given that the petition is time-barred.

innocence gateway claim has not been defined by the Sixth Circuit Court of Appeals.  *Plaza v. Hudson*, 2008 U.S. Dist. LEXIS 102083 (N.D. Ohio Dec. 17, 2008).  Other Circuit Courts are split on the issue.  *See Mubang v. United States*, 2011 U.S. Dist. LEXIS 88106 at n. 8 (D. Md. Aug. 9, 2011) ("Circuits disagree over whether 'new evidence' in the actual innocence context must be 'newly discovered' or merely 'newly presented.'")  Some courts have found that "evidence is only 'new' if it was 'not available at trial and could not have been discovered earlier through the exercise of due diligence.'"  *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) (citations omitted); *Hubbard v. Pinchak*, 378 F.3d 333, 340 (3rd Cir. 2004) (finding that defendant's own testimony, which he chose not to proffer at trial, was not "new" under the *Schlup* standard because it was available at trial).  However, other courts have found that new evidence simply means evidence that was not presented and that it need not be "newly discovered" evidence.  *See, e.g*, *Gomez v. Jaimet*, 350 F.3d 673 (7th Cir. 2003) ("All *Schlup* requires is that the new evidence is reliable and that it was not presented at trial."); *Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003) ("[H]abeas petitioners may pass *Schlup*'s test by offering 'newly presented' evidence of actual innocence" and it need not be newly discovered), *cert. denied* 541 U.S. 998 (2004); *Alexander v. Keane*, 991 F. Supp. 329, 339 (S.D.N.Y. 1998) ("New" evidence is not limited to evidence that was unavailable at trial).

Another decision of this District Court observed that "[a]lthough there is conflicting authority on the issue, district courts in this Circuit have held that 'new' evidence means 'newly discovered' evidence -- that is, evidence unavailable to the petitioner at the time of trial -- rather than evidence that was simply not presented to a jury." *Cleveland v. Bradshaw*, 2011 U.S. Dist. LEXIS 3708 (N.D. Ohio, Jan. 14, 2011) (*citing Taylor v. Woods*, 2010 U.S. Dist. LEXIS 20420 at *7 (W.D.

-11-

Mich. Feb. 5, 2010) (new evidence under *Schlup* is comprised of evidence "that was not known or unavailable" at the time of a defendant's trial or guilty plea); *Connolly v. Howes*, 304 Fed. App'x. 412, 418 (6th Cir. 2008) ("long-lost transcript of an evidentiary hearing that [petitioner] presumably attended" did not constitute "new" evidence under *Schlup*).

The Court finds that Buoscio has not presented any evidence that satisfies the definition of "new." Buoscio proffers two letters allegedly from certified document examiners. The first letter, dated July 26, 2007, is ostensibly from Bernard Palkovacs, a certified document examiner, stating that the signatures on the documents relevant to the forgery charge were authentic. (ECF No. 7-29.) The second letter, dated October 18, 2007, is ostensibly from Harold F. Rodin, a certified document examiner, also stating that the signatures on the documents in question were genuine. (ECF No. 7-11 & 7-12.) The first letter pre-dates Buoscio's no contest plea by several months while the second letter is dated the same day as his plea. Because Buoscio opted against going to trial, under the more liberal definition employed by the Seventh Circuit, all evidence would be "new" where there never was a trial. This Court declines to employ such an expansive definition. Given that the letters, and the testimony of the experts themselves, would have been available at trial, the Court declines to find that Buoscio has presented any "new" evidence to satisfy the *Schlup* standard. He has failed to make a colorable claim of actual innocence based on new, reliable evidence; and, therefore, there is no justifiable reason to excuse his untimeliness.

### III. Motion for Appointment of Counsel

On July 16, 2012, Buoscio filed a Motion for Appointment of Counsel. (ECF No. 8.) A petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright*

*v. West*, 505 U.S. 277, 293 (1992)(*citing Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).

"'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987)(*quoting United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). Furthermore, pursuant to 18 U.S.C. § 3006A(a)(2)(B), the interests of justice do not require appointment of counsel in this action. Therefore, Buoscio's motion (ECF No. 8) is DENIED.

### IV. Conclusion

For the foregoing reasons, it is recommended that this matter be DISMISSED as time barred.

/s/ *Greg White*
U.S. Magistrate Judge

Date: September 26, 2012

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**