# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SAMUEL BUOSCIO, | Case No. 1:12 CV 153 |
| Plaintiff, | Judge Dan Aaron Polster |
| vs. | **MEMORANDUM OF OPINION AND ORDER** |
| NEIL TURNER, Warden, | |
| Defendant. | |

In January 2007, Petitioner Samuel Buoscio was charged with two counts of forgery in violation of O.R.C. § 2913.31(A)(2). On October 18, 2007, Buoscio, represented by counsel, entered a negotiated plea of no contest to a merged count of forgery – and the Court sentenced him to a term of six months of incarceration, to be served consecutive to a previously imposed state-court sentence. Buoscio did not directly appeal his sentence or conviction. He did, however, engage in numerous post-conviction petitions beginning with a motion to withdraw guilty plea filed on September 2, 2008.

On January 20, 2012, Buoscio filed the pending Petition Under 28 U.S.C. § 2254 by a Person in State Custody ("Petition"). (**Doc #: 1**.) Therein, Buoscio argues that the trial court violated his due process rights when that court accepted a plea of no contest without his admitting the truth of the facts in the indictment, and when the court failed to orally pronounce his sentence. He argues that he received ineffective assistance of counsel during pre-plea

negotiations. Finally, he argues that the state appellate courts violated his due process rights when using a vexatious litigator sanction against him to dismiss his appeals. What Buoscio seeks is withdrawal of his no contest plea so that he can prove his innocence of the forgery charges.

On September 26, 2012, following briefing by the parties, Magistrate Judge Greg White issued a Report and Recommendation (**Doc #: 9**), recommending that the Court dismiss the Petition because it is time-barred under the one-year AEDPA statute of limitations. The Magistrate Judge reviewed each of Buoscio's grounds for relief and concluded that, giving Buoscio every benefit of the doubt, the statute of limitations for filing a habeas petition in federal court expired on December 5, 2010. The Magistrate Judge noted that technical errors in state law regarding the proper issuance of a conviction neither toll nor restart the AEDPA limitations clock, citing *Frazier v. Moore*, 252 Fed. Appx. 1 (6th Cir. 2007). The Magistrate Judge explained why there is no factual predicate that would justify a later start date of the AEDPA statute of limitations, and why Buoscio failed to show that equitable tolling is appropriate. Finally, the Magistrate Judge addressed Buoscio's argument that the AEDPA clock should be equitably tolled because he has "new evidence" showing that he is actually innocent of the forgery charges. That "new evidence" are two letters from purported certified document examiners asserting that the "forged" documents which formed the basis of his criminal case were signed by the person that the documents belonged to, not Buoscio. It is undisputed that Buoscio was in possession of those alleged exculpatory letters at the time (or months before) he waived his right to a trial and entered a no contest plea. The Magistrate Judge observed that some courts have found that evidence is only "new" if it was not available at trial and could not

have been discovered earlier through the exercise of due diligence, while other courts have found that new evidence simply means evidence that was not previously presented. (See generally Doc #: 9, at 9-12.) The Magistrate Judge concluded that Buoscio has not presented any evidence that satisfies either definition of new. (Id.)

Buoscio has filed objections which the Court has reviewed and considered. (**Doc #: 11**.) The Court concludes that those objections simply reassert the same arguments presented in his § 2254 petition and traverse, which the Magistrate Judge thoroughly addressed and with which this Court agrees. Accordingly, the Court **OVERRULES** the objections (**Doc #: 11**), **ADOPTS** the R&R in its entirety (**Doc #: 9**), and **DISMISSES** the Petition (**Doc #: 1**).

**IT IS SO ORDERED.**

 /s/ Dan A. Polster     October 17, 2012
**Dan Aaron Polster**
**United States District Judge**